HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS R. KING

                Plaintiff,

    v.

BNSF RAILWAY COMPANY, a Delaware Corporation,

                Defendant.

No. C10-5568-RBL

ORDER GRANTING DEFENDANT BNSF RAILWAY COMPANY'S MOTION TO JOIN HYDRAULIC INSTALLATION & REPAIR INC. AS A THIRD-PARTY DEFENDANT.

THIS MATTER comes before the Court on Defendant BNSF Railway's Motion to Join Hydraulic Installation & Repair Inc. as a Third-Party Defendant.

## I.    FACTS

This Motion arises out of Plaintiff Thomas King's Federal Employers' Liability Act, 51 U.S.C §51, action against Defendant BNSF on August 13, 2010 for an injury that occurred during his employment for BNSF. On April 23, 2011, King alleges that he was assisting in the replacement of a section railroad track in Nisqually, Washington. A boom truck, owned and operated by BNSF, held the replacement track above the railroad section. The truck failed when the track piece was being positioned, and the track fell to the ground, striking plaintiff's foot. The truck was serviced and repaired by Hydraulic Installation & Repair Inc. from December 2004 until April 2009. [Decl. of Don Kick, Dkt. #13, at p. 1–2]. Defendant BNSF now moves to join Hydraulic Installation & Repair Inc. as a third-party defendant in the underlying action.

ORDER - 1

## II. DISCUSSION

Under Federal Rule of Civil Procedure 14(a), a defendant may move the court to implead a third party "who is or may be liable to it for all or part of the plaintiff's claim against it." Fed. R. Civ. P. 14(a). Rule 14(a) is construed liberally in favor of joinder to promote judicial efficiency. *See McLaughlin v. Biasucci*, 688 F. Supp. 965, 967 (S.D.N.Y. 1988). ("The purpose of [Fed. R. Civ. P. 14(a)] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim.") When a court decides whether or not a third party is appropriately impleaded, it balances the benefit derived against any unreasonable prejudice that may occur to the plaintiff and third-party defendant. *Olympic Corp. v. Societe Generale*, 462 F.2d 376, 379 (2nd Cir. 1972).

Judicial efficiency is best served by this joinder, since it would prevent Plaintiff King from bringing an additional suit against Hydraulic Installation & Repair Inc. for failing to adequately repair the boom truck. Further, granting this Motion would not cause undue delay or prejudice: as Defendant BNSF argued, the end of discovery is not until October 11, 2011, and the trial date is set for February 6, 2012. Hydraulic Installation & Repair Inc. has ample opportunity to conduct discovery and prepare its defense. Therefore, Defendant's Motion to Join Hydraulic Installation & Repair Inc. as a Third-Party Defendant is GRANTED.

**IT IS SO ORDERED.**

Dated this 21st day of JUNE, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE