UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| THOMAS R. KING | |
|---|---|
| Plaintiff, | No. C10-5568-RBL |
| v. | ORDER GRANTING, IN PART, BNSF'S MOTION FOR SANCTIONS |
| BNSF RAILWAY COMPANY, a Delaware Corporation, | |
| Defendant. | |

THIS MATTER has been referred to the undersigned Magistrate Judge for purposes of resolving all discovery matters (ECF No. 23). Defendant BNSF has asked this Court to rule on a Motion for Sanctions (ECF No. 41). The Court has considered the motion (id,), the Declaration of Debra Dickerson (ECF No. 42), Plaintiff's Response (ECF No. 43), the Declaration of Patrick M. Risken (ECF No. 44), the Declaration of Scott A. Flage (ECF No. 45), Defendant's Reply (ECF No. 46), Debra Dickerson's Supplemental Declaration (ECF No. 47), Plaintiff's Sureply (ECF No. 49), Patrick M. Risken's Supplemental Declaration (ECF No. 50) and the records and files herein.

This Court has determined that Plaintiff and/or his counsel have failed to comply with this Court's Order Granting Defendant's Motion to Compel Production of Documents (ECF No. 24). Therefore, pursuant to Fed.R. Civ. P. 37(b)(2), this Court is awarding sanctions and reasonable expenses, including attorneys fees, against Plaintiff and/or his counsel as more fully set forth herein.

ORDER - 1

## Background

This is a personal injury action involving alleged negligence under the Federal Employers' Liability Act. Defendant BNSF propounded interrogatories and requests for production to Plaintiff. Although Plaintiff answered the majority of these discovery requests, he did not answer Request No. 15 and, instead, asserted the following objection:

> Request No. 15. Please produce all documents pertaining to your income, expenses and debts for each of the past five (5) years, to include tax returns, W-2 Wage and Earnings statements, mortgage payments, car payments, vacation expenses, purchases of single items priced higher than $1,000 (i.e., car, boat, recreational vehicle RV, gun, television, etc.), bank statements and balances and credit card statements and balances.
>
> Response: Objection. Overly broad and burdensome and of no relevance.

(ECF No. 41, page 2.)

During one telephone discovery conference on April 14, 2011, counsel for Plaintiff promised that these documents would be produced, but that Plaintiff needed additional time to do so. ECF No. 17, ¶3.

Defendant agreed to an extension. Plaintiff failed to produce the documents in the time agreed to by the parties. Id. Over one month later, on May 19, 2011, defendant brought a Motion to Compel Response to Request for Production No. 15 (ECF No. 16). In response, Plaintiff's counsel acknowledged that Defendant counsel's representations regarding the conversations between him and Defendant's counsel were accurate and that at the time of those discussions, he had every intention of gathering the appropriate information from Plaintiff and providing it to BNSF (ECF No. 18, ¶2). On May 26, 2011, Plaintiff asked for an *additional* four weeks to provide a complete response. Id. at ¶9. Again, Plaintiff failed to produce the documents within the promised time.

Therefore, almost four months after the response was due, on July 14, 2011, this Court issued an Order Granting Defendant's Motion to Compel Production (ECF No. 24). The Order provided in part that Plaintiff was required to "produce his financial records in response to

ORDER - 2

BNSF's Request for Production No. 15 no later than 5:00 p.m. on July 29, 2011." (Id.) The Court's Order, in essence, gave Plaintiff an *additional* two weeks to produce the documents.

It is undisputed that Plaintiff failed to comply fully with this Order. By the July 29 deadline, Plaintiff had only sent a copy of Washington State Benefits Approval Letter and a redacted copy of his bank statements from Wells Fargo Bank (ECF No. 47). At that time, Plaintiff did not produce his tax returns, W-2 Wage and Earning statements or other financial information. Although it is unclear exactly what other financial information he failed to produce, it is undisputed that he failed to produce bank statements from at least two financial institutions where he had previously had accounts – the Texas Bay Credit Union and Comerica. (Id., Exhibit 4, Deposition of Thomas King.)

It is also undisputed that approximately one month later, on August 29, 2011, Plaintiff's counsel emailed defense counsel Plaintiff's tax returns for 2003 through 2009. (ECF No. 45, Declaration of Scott A. Flage, ¶11, Exhibit D.) No explanation has been provided regarding why this information was supplied late, but Defendant does not dispute that it received these tax returns.

The pleadings also reveal that the parties disagree regarding whether or not there was an oral agreement relieving Plaintiff of the responsibility of providing complete copies of his bank statements. Plaintiff claims that the parties orally agreed that any transactions involving less than $1,000 could be redacted. (ECF No. 44, Declaration of Patrick M. Risken.) Defendant's counsel denies that any such oral agreement was reached. (ECF No. 47, Declaration of Debra Dickerson.)

Amidst the clamoring of counsel, an excerpt from Plaintiff's deposition puts this case in perspective:

> Q: How are you currently supporting your family?
>
> A: My family is supported by $660 every two weeks from railroad unemployment. We receive – currently we receive $952 in food stamps. We receive WIC, Women Infant Children, program, which provides us with milk and formula, peanut butter, bread, cereal, eggs, cheese, basic state-imposed necessities of everyday life.

ORDER - 3

> We go to the local food bank in Rainier, and also receive women's
> personal hygiene products for my wife, diapers, as well as food.
> Another actual contributor to actual money would be my mom and
> dad.

(ECF No. 45, page 14, line 20-page 15, line 4.)

Apparently, Plaintiff's personal bank account was closed for lack of funds (ECF No. 45, page 10, lines 10-13). Plaintiff and his family live in a rental unit. Their sole source of income is public assistance.

While it is unclear from the record, it is possible -- indeed probable -- that Plaintiff had very few, if any, purchases over $1,000, has not had mortgage payments, and does not own a boat or recreational vehicle. Therefore, it is possible that other than the bank and credit card statements, there are no financial documents to produce.

## Discussion

As noted above, it is clear that Plaintiff violated this Court's order by not producing all documents in response to Request for Production No. 15 by July 29, 2011. There has been no suitable explanation for this failure and it is unclear whether or not this failure to comply was caused by Plaintiff or his counsel.

Fed. R. Civ. P. 37(b) provides for a variety of sanctions for failing to obey a court order, including the sanctions requested by Defendant. The list in Rule 37(b) of possible sanctions is not exclusive. The Court is authorized to issue any "just" order. Id. It should consider the nature of the violation, the possible adverse impact on the non-offending party's ability to properly prepare for trial and any other circumstances that may substantially justify the offending party's conduct.

While Defendant certainly is entitled to full disclosure, in light of the nature of the case and financial circumstances of the Plaintiff, it is not likely that Plaintiff's failure to comply with the Court's order will significantly impact Defendant's ability to prepare a full and fair defense at trial on the issue of damages. Therefore, precluding Plaintiff from offering any evidence regarding his physical limitations or economic damages appears to be too harsh a sanction.

ORDER - 4

Nevertheless, if Plaintiff wishes to utilize this Court for purposes of pursuing a claim, Plaintiff and his counsel must adhere to this Court's orders. This cannot, and should not, be minimized.

Therefore, this Court orders that, in addition to providing non-redacted bank and credit card statements and any other responsive documents in compliance with this Court's previous order, Plaintiff and/or his counsel also are required to pay $500 in sanctions.

In addition, pursuant to Fed. R. Civ. P. 37(b)(2)(C), this Court is required to award the moving party reasonable expenses, including attorney's fees, caused by the disobedient party, unless the failure was substantially justified or was harmless. Here, the unexplained failure of Plaintiff and/or his counsel to comply with this Court's order was not substantially justified. However, in light of the relatively small amount of additional information that needs to be supplied by Plaintiff, the impact on Defendant's ability to prepare properly for trial is minimal. Therefore, instead of awarding Defendant the requested $1,000 in attorney fees, the Court awards Defendant $500 in attorney fees.

Finally, in accordance with Fed. R. Civ. P. 37(b)(2)(A)(iv), until Plaintiff and his counsel have filed a certification that they have complied fully with this Court's previous and current orders by producing responsive documents and paying the sanctions and fees set forth above, this matter is stayed. If this certification and payment is not made within thirty (30) days of this order, the Court will consider other sanctions, which may include recommending that this action be dismissed.

Dated this 12th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 5